# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 1:17-cr-046 |
| v. | : | Judge Michael R. Barrett |
| JOSEPH CAIN, | : | |
| Defendant. | : | |

## ORDER

This matter is before the Court upon Defendant's pro se motions for compassionate release filed pursuant to 18 U.S.C. §3582(c)(1)(A)(i). (Docs. 39, 40). In connection with General Order 20-21, the Federal Public Defender entered an appearance on Defendant's behalf and subsequently notified the Court that a supplemental motion was unnecessary. (Docs. 43, 44). The Court held a status conference on October 2, 2020. (*See* Minute Entry dated 10/02/2020). During the conference, the Federal Public Defender advised that Defendant was scheduled for release to a residential reentry center on October 26, 2020 to serve the remaining six months of his sentence. Counsel for the government responded that the United States would not oppose outright release if stable living arrangements with Defendant's sister could be confirmed by the Probation Office. Given these circumstances, and supported by the reasons set forth below, Defendant's request for compassionate release will be GRANTED.

**I.    BACKGROUND**

On September 27, 2017, Defendant pled guilty to Possession with Intent to

Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1). (Doc. 24). He was sentenced on January 26, 2018 to a term of imprisonment of 57 months on each count (to run concurrently) with credit for time served, as well as five years of supervised release on Count 1 and three years of supervised release on Count 2. (Doc. 28). Defendant was last incarcerated at Allenwood Low FCI; he is no longer in Bureau of Prisons ("BOP") custody, having been released (as scheduled) to a residential reentry center on October 26, 2020. (https://www.bop.gov/inmate loc/ (last visited 10/27/2020)).

## II. DISCUSSION

### A. Availability of Compassionate Release[1]

This Court may only reduce a sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the Court "finds that" "extraordinary and compelling reasons warrant such a reduction" "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The policy statement of the Sentencing Commission appears at Section 1B1.13 of the Guidelines and provides in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a

---

[1] Pertinent here, the Court "may not modify a term of imprisonment" based on a defendant's compassionate release motion until "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit has ruled that despite the circumstances presented by COVID-19, the exhaustion requirements found in § 3582(c)(1)(A) are mandatory and thus present "a glaring roadblock foreclosing compassionate release." *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020)). Therefore, prisoners have two routes to directly petition courts for compassionate release: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the prisoner's facility. 18 U.S.C. § 3582(c)(1)(A).

Defendant represents that he has exhausted his administrative remedies, "insofar as he has requested relief from the Warden of his facility, and his request was denied." (Doc. 40 at PageID 139). The United States does not dispute the fact of exhaustion.

term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1)(A) Extraordinary and compelling reasons warrant the reduction;
….

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement). The Commentary to § 1B1.13 describes several ways that a defendant can demonstrate an "extraordinarily and compelling" reason, but only one concerning medical conditions unrelated to advanced age:

(A) Medical Condition of the Defendant -

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is –

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A).

Of significance is the fact that the Sentencing Commission's policy statement was

3

not amended after the enactment of the First Step Act, which now allows a defendant to file a motion for compassionate release. Rather, it still speaks only to determinations by the Director of the BOP in the rare instance in which he would file such a motion with a court. Thus, "a growing number of district courts have concluded the Commission lacks an applicable policy statement regarding when a judge can grant compassionate release [vis-à-vis a defendant-filed motion]." *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019) (collecting district court cases); *United States v. Smith*, No. 4:15-cr-019, 2020 WL 3317222, at *4 (N.D. Ohio June 18, 2020); *United States v. Mondaca*, No. 89-CR-0655, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020). Given this lack of applicable guidance, "courts have held that they are not constrained by prior Commission policy statements as to what constitutes extraordinary and compelling reasons for a sentence reduction. *Smith*, 2020 WL 3317222, at *4 (*citing United States v. Rodriguez*, 451 F. Supp. 3d 392, 397 (E.D. Pa. 2020) (noting that "a majority of district courts have concluded that the old policy statement provides helpful guidance, [but] … does not constrain [a court's] independent assessment of whether extraordinary and compelling reasons warrant a sentence reduction under § 3582(c)(1)(A)") (citations omitted)); *United States v. Young*, — F. Supp. 3d —, No. 2:00-cr-00002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020) ("In short, federal judges are no longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction."). The Sixth Circuit very recently acknowledged this line of cases, but in a matter in which it was unnecessary to actually resolve the issue. *United States v. Ruffin*, — F.3d —, No. 20-5748, slip op. at *9-11 (6th Cir. Oct. 26, 2020) (a court's statutory obligation to find extraordinary and compelling reasons "raises a difficult legal

4

question that we merely flag for future cases").

Considering the unique circumstances surrounding the coronavirus pandemic, "[n]umerous courts have recently concluded that 'extraordinary and compelling reasons' exist for purposes of § 3582(c)(1)(A) where inmates suffer from medical conditions that place them at a higher risk of serious illness in the event they contract COVID-19." *United States v. Jackson*, No. 5:02-cr-30020, 2020 WL 2735724, at *3 (W.D. Va. May 26, 2020) (collecting cases); *see United States v. Bolze*, — F. Supp. 3d —, No. 3:09-CR-93-TAV-CCS-1, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) (Noting, generally, that "a defendant's medical condition could provide an extraordinary and compelling reason under § 1B1.13 n.1(A)(ii) if a defendant suffers from a chronic medical condition that the Centers for Disease Control has recognized as elevating the risk of becoming seriously ill from COVID-19.").

Defendant maintains, without challenge from the government, that he has asthma, high blood pressure (hypertension), high cholesterol, and diabetes mellitus type II. (Doc. 39 at PageID 125). In addition, he suffers from an acute bronchial disorder and an acute respiratory illness. (*Id.*). According to the CDC, diabetes mellitus type II places Defendant at an "increased" risk for severe illness from the virus that causes COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 10/27/2020). Asthma and hypertension may do so as well. *Id.*

Defendant submits that these conditions, in light of the CDC's risk assessment, allow the conclusion that extraordinary and compelling reasons support his request for release. This Court agrees that, in combination and specific to this Defendant, these

5

conditions suffice to satisfy the "extraordinary and compelling reasons" standard for release. *See, e.g., United States v. Crawford*, No. 2:18-cr-00075-3, 2020 WL 3869480, at *2 (S.D. Ohio July 9, 2020) (57-year old defendant with diabetes and high blood pressure); *Smith*, 2020 WL 3317222, at *5 (69-year old defendant with heart disease, kidney disease, and diabetes).

### B. § 3553(a) Factors and the Danger to the Community

Having found "extraordinary and compelling reasons" for release, however, does not end the inquiry. The Court also must consider the factors set forth in 18 U.S.C. § 3553[2] and determine whether Defendant's release would pose a danger to the community. *United States v. Agomuoh*, 461 F. Supp. 3d 626, 2020 WL 2526113, at *7 (E.D. Mich. May 18, 2020) ("There are three components to a compassionate release merits analysis: 1) whether extraordinary and compelling reasons warrant a reduction in sentence, as described by the United States Sentencing Commission; 2) whether the § 3553(a) factors—"to the extent that they are applicable"—render the reduction inappropriate; and 3) whether Defendant would be a danger to the public.").

This Court carefully considered the sentencing factors when it sentenced Defendant to a term of imprisonment of 57 months. Carefully considering them again,

---

[2] The factors a court shall consider when imposing a sentence are as follows:

(1) the nature and circumstances of the offense and the history and the characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(1), (2).

6

the Court will release Defendant from custody; however, and as explained in the concluding section of this Order, the Court will not fully restore Defendant's liberty until his original sentence is completed.

The Court further finds that Defendant will not pose a danger to the community if released, and the Government does not argue otherwise. In this regard the Court takes note of the BOP's discretionary decision[3] to release Defendant to a residential reentry center to complete his sentence. While the Court condemns the offenses for which Defendant was incarcerated, it is unaware of any disciplinary issues that occurred while Defendant was in the custody of the BOP. Further, the Probation Office has confirmed that Defendant's sister has agreed to provide a home to which Defendant can return upon his release from custody. Finally, the Court observes that Defendant has served the lion's share of his sentence, with less than six months remaining in his residential reentry center designation.

## III.  CONCLUSION

Accordingly, based on the foregoing, Defendant's pro se motions (Docs. 39, 40) for compassionate release, filed pursuant to 18 U.S.C. §3582(c)(1)(A)(i), are hereby **GRANTED**. Upon release, and as a substitute for confinement at a residential reentry center, Defendant shall serve the remainder of his sentence in home detention as a condition of supervised release.[4] After Defendant has completed his term of home

---

[3] *See United States v. Caudle*, No. 4:16CR179, 2019 WL 5086422, at *2 (N.D. Ohio Oct. 10, 2019) (citing 18 U.S.C. § 3621(b)).

[4] While in home detention, Defendant shall be restricted to his residence at all times, except for: employment, education; religious services, medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the Probation Office. The Probation Office, in its discretion, may choose to monitor Defendant via location monitoring technology. Should the Probation Office choose to monitor Defendant via location monitoring technology, Defendant shall abide by all requirements established by the Probation Office relating thereto.

detention, he shall serve an additional five years of supervised release consistent with the January 26, 2018 Judgment in this case.  (*See* Doc. 29).  The remaining motions (Docs. 36, 37) pending on the docket that relate to compassionate release—those filed by "Fait Accompli Legal Services"—are hereby **STRICKEN** for the reasons set forth in this Court's Order dated April 29, 2020 (Doc. 38).

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court